IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rufus Julius Corneliu Anderson,<br><br>Plaintiff,<br><br>v.<br><br>SC Dept of Employment & Workforce, SC Dept of Motor Vehicles, SC Law Enforcement Division, Greenville County Sheriffs Office, SC Probation & Pardon Services, Prisma Health, John Doe, Gales Contractor Services,<br><br>Defendants. | Case No. 6:25-cv-12399-DCC<br><br>**ORDER** |

This matter is before the Court upon Plaintiff's amended complaint. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On October 10, 2025, the Magistrate Judge issued a Report recommending that the complaint be dismissed without further leave to amend and without issuance and service of process. ECF No. 12. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 16.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because Plaintiff filed objections, the Court's review has been de novo.

Plaintiff begins his objections with the following paragraph,

> The Plaintiff humbly believes the Magistrate R&R obscures and misleads the court as to what the plaintiff is try to convey in the Pleadings. The Plaintiff filed this action under 42 U.S.C. subsection 2000d, et seq. and 34 U.S.C. subsection 10228.) These laws prohibit both individual instances and patterns or practices of discriminatory misconduct. The misconduct covered by Title VI and the OJP program statutes include for

> example harassment of use of racial slurs, discriminatory arrests, discriminatory traffic stops, coercive sexual conduct, retaliation for filing a complaint with DOJ or participating in the investigation, discriminatory use of force, or refusal by the agency to respond to complaints alleging discrimination. The Plaintiff is experiencing this activity and retaliatory measures do to his engagement within a protective category. Including and not to exclude filings in the U.S. District court. The Plaintiff also contends that the Prima facie case of retaliation exist within all pleadings.

ECF No. 16 at 1.

***Res Judicata***

The Magistrate Judge recommends dismissal of some of Plaintiff’s claims because he has previously litigated them in this court. With respect to the Magistrate Judge's recommendation that some of Plaintiff’s claims should be barred by res judicata, Plaintiff objects and states that there is an exception to res judicata where there is a continuing violation. ECF No. 16 at 1–2. He further states that his previous cases were dismissed pursuant to Eleventh Amendment immunity and the merits of his cases were not ruled on. He states that this would present a different cause of action that could not be previously upon due to immunity of the state.

While Plaintiff generally states that he is experiencing continuous violations, he does not specify which or what violations are continuing. Moreover, to the extent any of his cases were barred by Eleventh Amendment immunity, it is unclear why he believes the Eleventh Amendment would not apply now. The Court now turns to the Magistrate Judge's discussion of res judicata.

"Res judicata, or claim preclusion, bars re-litigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). The elements of res judicata are (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000).

As explained in significant detail by the Magistrate Judge, all three elements are met in this case. The present action is duplicative of actions previously brought by Plaintiff, which were addressed and dismissed by the Court. *See, e.g., Phagan v. Gurney*, C/A No. 8:18-cv-894-TMC, 2018 WL 3640383, at *2 (D.S.C. Aug. 1, 2018) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous."). As noted by the Magistrate Judge, dismissal of this action is appropriate on the basis of res judicata; however, as the Magistrate Judge proceeded to a discussion of the merits of this action, the Court will do likewise.

***The Named Defendants***

The Magistrate Judge found that Plaintiff brings claims against the named Defendants pursuant to Title VII for discrimination and retaliation; however, Plaintiff does not explain his relationship to the named Defendants. He has failed to allege sufficient facts demonstrating that any Defendant qualified as an "employer" for purposes of Title VII. Plaintiff has not specifically objected to this portion of the Report; nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed the entire Report

de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge and finds that dismissal of Plaintiff's Title VII claims is appropriate.

***Title VI and Title VII Claims***

The Magistrate Judge next discusses Plaintiff's Title VI and Title VII claims. As noted by the Magistrate Judge, under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d–7. Title VII provides that an employer may not "discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race." 42 U.S.C. § 2000e–2(a)(1). To state a claim of retaliation under Title VII or Title VI, the plaintiff must show that "(1) []he engaged in protected activity: (2) the [defendant] acted adversely against [him]; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)). Although a claim for retaliation under Title VII or Title VI must satisfy the same three elements, Title VI also requires a showing that "the program or activity under which a plaintiff was allegedly subjected to discrimination received federal financial assistance. Federal funding is deemed an element of the cause of action." *Rogers v. Bd. of Educ. of Prince George's Cnty.*, 859 F. Supp. 2d 742, 750 (D. Md. 2012).

As noted by the Magistrate Judge, Plaintiff has alleged that he engaged in protected activity by filing prior lawsuits; however, he has not alleged sufficient facts to state a plausible claim for relief as to any of the other elements.

In this sections of the Report, the Magistrate Judge briefly noted that exhaustion of administrative remedies is required to maintain a Title VII action; the Magistrate Judge stated that Plaintiff has not alleged or shown that he exhausted administrative remedies prior to filing suit. Plaintiff objects to the Magistrate Judge's "assumption that the Plaintiff has not exhausted the administrative phase in regard to the employment issue. The Plaintiff contends that he has done so. Further the claimant believe that this misconduct of a coercive sexual activity interferes with his employment and future prospects." ECF No. 16 at 2. Even assuming that Plaintiff properly exhausted his administrative remedies prior to filing suit, this action remains subject to dismissal as discussed above and in more detail by the Magistrate Judge.

***SC Department of Employment and Workforce***

The Magistrate Judge notes that, to the extent Plaintiff intends to bring a Title VII claim against SCDEW, he has not alleged that SCDEW was his employer. Accordingly, dismissal of this claim is appropriate.

To the extent Plaintiff brings a Title VI claim against SCDEW, as explained in more detail by the Magistrate Judge, SCDEW is entitled to Eleventh Amendment immunity. Accordingly, this claim is dismissed.

***Gales Contractor Services***

Plaintiff brings a claim against Gales Contractor Services pursuant to Title VII for sexual harassment and retaliation. However, Plaintiff has not alleged sufficient facts showing that Gales Contractor Services was or is his employer. Accordingly, this claim is dismissed.[1]

***Prisma Health***

Plaintiff alleges claims pursuant to Title VI and Title VII against Prisma Health for retaliation and discrimination following Plaintiff's complaint on September 22, 2009. As explained by the Magistrate Judge, Plaintiff asserted these claims against Greenville Health System, which is now Prisma Health. The Magistrate Judge further recommends finding that these claims are time-barred. Upon review, the Court agrees that claims against Prisma Health are barred by res judicata or, alternatively, as time-barred.

***John Doe***

The Magistrate Judge recommends dismissal of the John Doe Defendant. In Plaintiff's objections, he states that "[a]s to John Doe The plaintiff. The plaintiff only believes that before naming the defendant. He would like to be sure if he would have to notify the attorney general and Name the State or some other government agency that is capable of this type of coercion[.]" ECF No. 16 at 2. These allegations are insufficient to state a plausible claim for relief as to John Doe. *See Switzer v. Thomas*, C/A No. 5:12-cv-00056, 2013 WL 693090, at *6 (W.D. Va. Feb. 25, 2013), *Report adopted by* 2013 WL

[1] The Magistrate Judge also discusses exhaustion of administrative remedies as to this claim. As noted above, Plaintiff objects to this recommendation. The Court does not find that exhaustion needs to reached in order to rule on the sufficiency of Plaintiff's amended complaint.

1145864 (W.D. Va. Mar. 19, 2013), *aff'd*, 535 F. App'x 312 (4th Cir. 2013) ("Although *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys, the court under no circumstance is required to accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations."). Accordingly, this Defendant is dismissed.

***South Carolina Probation and Parole Services***

The Magistrate Judge recommends finding that SCPPD is entitled to Eleventh Amendment immunity. The Magistrate Judge further recommends finding, to the extent Plaintiff sues SCPPS seeking to challenge the charge of violation of parole and imprisonment that he served as a result, that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars this claim because Plaintiff does not allege the favorable termination requirement that his parole violation conviction and sentence has been invalidated. *See Bishop v. Cnty. of Macon*, 484 F. App'x 753, 754–56 (4th Cir. 2012). Upon review, the Court agrees and dismisses this Defendant.

***South Carolina Law Enforcement Division and Greenville County Sheriff's Office***

As explained in more detail by the Magistrate Judge, these Defendants are entitled to dismissal. To the extent Plaintiff intends to state a claim pursuant to Title VI, he has not alleged sufficient facts in support. Moreover, these Defendants are entitled to Eleventh Amendment immunity. To the extent Plaintiff intends to raise claims against these Defendants pursuant to 42 U.S.C. § 1983, they are not persons amenable to suit under § 1983. Finally, any claims for monetary damages related to his arrest, conviction, and/or incarceration are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

*See Dinkins-Robinson v. S.C. Dep't of Educ.*, C/A No. 3:17-cv-2629-JFA-SVH, 2017 WL 10222140, at *2–3 (D.S.C. Oct. 20, 2017), *Report adopted by* 2018 WL 4282593 (D.S.C. Sept. 7, 2018). Accordingly, these Defendants are dismissed.

## CONCLUSION

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the Magistrate Judge's recommendation. This action is **DISMISSED** without further leave to amend and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 5, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.